DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gregg A. Zamborsky, | ) | |
| | ) | CASE NO. 1:08 CV 0337 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Homesteaders Life Company, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I. INTRODUCTION

Before the Court is defendant Homesteaders Life Company's (Homesteaders) motion for judgment on the pleadings (Document 26), defendant Vanguard America Company dba Trust 100's (Trust 100) motion for judgment on the pleadings or dismissal as a defendant (Document 37),[1] defendant Forethought Life Insurance Company's (Forethought) motion to dismiss (Document 4), and defendant Liming Agency, Inc.'s (Liming) motion to dismiss (Document 25).[2] Plaintiff has submitted briefs in opposition (Documents 17, 38 and 42) and defendants have replied (Documents 20, 40, 41 and 48).

For the reasons discussed below, Homesteaders' and Trust 100's motions for judgment on

---

[1] Defendant Trust 100 also moved to strike plaintiff's return of service (Document 50). Since the Court has granted defendant's motion for judgment on the pleadings, this motion is denied as moot.

[2] Liming joined Forethought's motion to dismiss and moved to dismiss on additional grounds. Liming also joined Homesteaders' motion for judgment on the pleadings (Document 33).

(1:08 CV 00337)

the pleadings (Documents 26 and 37), and Forethought's and Liming's motions to dismiss (Documents 4 and 25), are granted.

## II. BACKGROUND

In Ohio, only licensed funeral directors may sell preneed funeral contracts ("Preneed Contracts"). The essence of plaintiff's complaint is that the defendants, whom plaintiff alleges are not licensed funeral directors, are involved in the sale of Preneed Contracts in violation of Ohio law. Plaintiff brings his complaint on behalf of all Ohio licensed funeral directors "who have suffered economic loss due to Defendants' utilization of non-licensed funeral directors to perform funeral directing activities. . ."[3]

The origin of Plaintiff's complaint is an agreement ("Agreement") between plaintiff and defendant Homesteaders.[4] Homesteaders is an Iowa insurance company engaged in the business of funding Preneed Contracts.[5] Homesteaders hired Zamborsky, who is a licensed funeral director, as an independent contractor to sell life insurance and annuities to fund the cost of Preneed Contracts.[6] The Agreement provided that either party could terminate with or without cause upon notice to the other party.[7]

---

[3] Complaint, par. 14, Document 1-2, p. 5 of 14.

[4] Document 40-2.

[5] In his complaint, Zamborsky alleges that Homesteaders and defendant Forethought are insurance companies which are "involved in the business of funeral insurance funding, including the funding of pre-need funeral services." Document 1-2, par. 2 & 3, pp. 2 and 3 of 14.

[6] Document 40-2, p. 2 of 8.

[7] Document 40-2, par. 18, p. 5 of 8.

2

(1:08 CV 00337)

Homesteaders subsequently terminated the Agreement with Zamborsky.  Plaintiff claims that Homesteaders terminated the Agreement in order to hire unlicensed funeral directors to sell Preneed Contract funding in order to avoid paying commissions to licensed funeral directors.  Plaintiff claims that in so doing, Homesteaders breached their Agreement, but does not say how or why Homesteaders' actions constitute a breach.[8]

In his remaining claims, plaintiff alleges that Homesteaders and defendant insurance company Forethought use non-licensed funeral directors, including defendants Liming[9] and Trust 100,[10] to sell insurance and annuities to fund Preneed Contracts and/or to sell Preneed Contracts.  He contends that such use of non-licensed funeral directors constitutes tortious interference of contract and business relationships (claim 2), a violation of Ohio's Consumer Sales Practices Act (claim 3), unfair competition (claim 4), and a conspiracy and corrupt practice (claim 5).  The only "fact" that plaintiff offers in support of all his claims is the assertion that defendants are engaged in the sale and/or funding of Preneed Contracts, which results in the various claims alleged in his complaint.

The role of non-licensed funeral directors in the sale of Preneed Contracts, as opposed to

---

[8] Zamborsky's first claim for breach of contract is only made as to defendant Homesteaders.

[9] Defendant Liming claims to be a licensed funeral director (Document 25), but offers no affidavit or other evidence in support of that claim.  However, Mr. Liming's status as a funeral director is irrelevant to the Court's ruling on Liming's motion.

[10] In his complaint, Zamborsky alleges that defendants Liming and Trust 100 are "engaged in the business of, *inter alia,* pre-need funeral planning." Document 1-2, par. 4 & 5, p. 3 of 14.

(1:08 CV 00337)

the sale of annuities or insurance to fund Preneed Contracts, has been analyzed at length by the Ohio Attorney General in 2001 Ohio Op. Atty Gen. 169.  Non-licensed funeral directors are permitted to sell life insurance to *fund* Preneed Contracts.[11]  However, non-licensed funeral directors are not permitted to *sell* Preneed Contracts.[12]  Plaintiff offers no facts to support the assertion that defendants are involved in the unlawful sale of Preneed Contracts, or any additional facts to support his other claims.

### III.  LAW AND ANALYSIS

A.  Standards of Review

    1.  Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure (Fed.R.Civ.P) governs motions for failure to state a claim upon which relief can be granted.  When considering a motion to dismiss, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *City of Olmsted Falls v. U.S. E.P.A.*[13]  A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.[14]  Legal conclusions and unwarranted factual inferences, however, are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review.[15]  Dismissal is

---

[11]    2001 Ohio Op. Atty Gen.169 (July 24 2001) (syllabus, par. 1-3; pp. 5-6).

[12]    *Id.,*(syllabus, par. 4; pp. 7-8).

[13]    266 F. Supp.2d 718, 724-725 (N.D. Ohio 2003)(Gaughan, J.) (citing *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999)).

[14]    *Id.*, emphasis in original.

[15]    *Id.,* at 725.

(1:08 CV 00337)

proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.[16]

2.      Judgment on the Pleadings

Rule 12(c) of the Fed.R.Civ.P. governs motions for judgment on the pleadings and provides, in relevant part:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. . .

Fed.R.Civ.P. 12(c).

A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level. *Tucker v. Middleburg-Legacy Place, LLC,* – F3d. – , 2008 WL 3981218, p. 4 (C.A.6 Ohio).[17] There must be enough facts to state a claim to relief that is plausible, not merely conceivable, on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S.Ct. 1955, 1974 (2007).

The Sixth Circuit very recently applied the *Twombly* standard in *Tucker, supra.*  In that case, plaintiff brought a cause of action claiming breach of the Family and Medical Leave Act (FMLA).  The district court found that plaintiff's legal conclusions failed to allege the requisite factual elements of the claim and granted defendant's motion for judgment on the pleadings.  On appeal, the Court of Appeals found:

---

[16]   *Id.*, citing *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489-490 (6th Cir. 1990).

[17]   Citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. --, 127 S. Ct. 1955, 1964-1965, 167 L. Ed. 2d 929 (internal citations omitted)(2007).

(1:08 CV 00337)

> Plaintiff only vaguely refers to defendant's 'policies and procedures' in her Amended Complaint, without further identification of a policy or its source . . . [Plaintiff] fails to allege that she was terminated for failing to present [a certificate required by the Act]. . .  Accepting as true these inconsistent and confusing allegations contained in the Amended Complaint, the district court properly determined that Tucker had not adequately pleaded a violation of the FMLA notice requirements . . .[18]

The Court of Appeals then affirmed the district court decision granting defendant's motion for judgment on the pleadings pursuant to Rule 12(c).[19]

B.    Count 1- Breach of Contract Against Homesteaders

Zamborsky and Homesteaders do not dispute they were in a contractual relationship in which Zamborsky was to "procure applications for life insurance and annuity contracts used to fund the cost of funeral goods, services, and incidentals. . ." (Document 1-2, par. 18; Document 40-2).  Zamborsky claims that Homesteaders cancelled the Agreement because Homesteaders had arrangements with non-licensed funeral directors to sell life insurance and annuities to fund Preneed Contracts (Document 1-2, par. 19) and that this termination breached the Agreement. Homesteaders contends that Zamborsky's complaint fails to state a cause of action for breach of contract (Document 26-2, pp. 6-15, Document 40, pp. 3-7).

The Agreement is controlled by Iowa law pursuant to its terms.[20]  To succeed in a claim for breach of contract under Iowa law,[21] plaintiff must show: 1) the existence of a contract; 2) the

---

[18]    *Tucker* at p. 5.

[19]    *Id.* at pp. 5-6.

[20]    Document 40-2, par. 24.

[21]    Breach of contract law in Ohio is similar, requiring that plaintiff show: 1) that a contract existed; 2) that the plaintiff fulfilled his obligations; 3) that the defendant

6

(1:08 CV 00337)

terms and conditions of the contract; 3) that it has performed all the terms and conditions required under the contract; 4) that defendant breached the contract in some particular way; and 5) that plaintiff has suffered damages as a result. *Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W. 2d 222, 224 (Iowa 1998) (citing *Iowa-Illinois Gas & Elec. Co. v. Black & Veatch,* 497 N.W.2d 821, 825 (Iowa 1993)). In this case, Zamborsky has properly alleged that a contract existed (Document 1-2, par. 18) and that he suffered damages (*Id.,* par. 20). Construing the facts in a light favorable to the plaintiff, and allowing the contract itself to serve as evidence of its terms and conditions, Zamborsky still has failed to allege other specific elements of breach. Specifically, he fails to allege that he performed all the terms and conditions required under the contract or, perhaps more importantly, that Homesteaders breached the contract "in some particular way." That is, plaintiff has failed to plead how the facts of his termination resulted in a breach of contract. He merely concludes that it did. Having failed to allege all of the requisite elements of breach of contract, Zamborsky's claim against Homesteaders for breach of contract fails as a matter of law.[22]

---

unlawfully failed to fulfill his obligations; and 4) that damages resulted from this failure. *Mikulski v. Centerior Energy Corp.* 501 F.3d 555, 561-562 (6th Cir. Ohio 2007) (citing *Lawrence v. Lorain County Cmty. Coll.*, 127 Ohio App.3d 546, 549, 713 N.E.2d 478, 480 (1998)).

[22] Defendant Homesteaders also claims Zamborsky failed to file his claim for breach of contract within the statute of limitations prescribed by his Agreement (Document 26). For the purposes of this analysis, the Court assumes that plaintiff's breach of contract claim was timely filed.

(1:08 CV 00337)

C. <u>Count 2 - Tortious Interference with Contract and Business Relationship Against All Defendants</u>

The crux of Zamborsky's claim for tortious interference is that defendants "circumvented the law by utilizing non-licensed funeral directors, acting as agents of Defendants" to increase defendants' profits. (Document 1-2, par. 23). He claims that such actions resulted in economic damages to him (*Id.*, par. 24). Defendants contend that these claims do not properly allege tortious interference.[23]

In order to succeed on a claim for tortious interference, plaintiff must prove that "one who, without privilege to do so, induces or otherwise purposely causes a third party not to enter into, or continue, a business relationship with another, or perform a contract with another . . ."[24] The elements of tortious interference in Ohio[25] are: 1) the existence of a contractual or business relationship; 2) knowledge of the relationship by the tortfeasor; 3) an intentional and improper act by the tortfeasor terminating a business relationship; 4) lack of privilege on the part of the

---

[23] Document 4, p. 12 of 16, Document 25, pp. 5-6 of 15, Document 26-2, pp. 14-15 of 26, Document 37, pp. 4-5 of 9, and Documents 20, 40, 41 and 48.

[24] *DeBoer Structures (U.S.A.) Inc. v. Shaffer Tent And Awning Co.,* 233 F.Supp.2d 934, 950 (S.D. Ohio 2002) (quoting *Brahim v. Ohio College of Podiatric Medicine,* 99 Ohio App.3d 479, 489, 651 N.E.2d 30, 36 (1994)).

[25] The parties cite both Iowa and Ohio law on tortious interference, which are very similar. In Iowa, the tort of tortious interference consists of: 1) the existence of a valid contractual relation; 2) knowledge of the relationship; 3) intentional interference inducing or causing a breach or termination of the relationship; and, 4) resultant damage to the party whose relation has been disrupted. *Kendall/Hunt Pub. Co. v. Rowe,* 424 N.W.2d 235, 244 (Iowa 1988). The Court believes Ohio law applies in this circumstance, but even applying the Iowa analysis under *Kendall/Hunt Pub. Co.*, the outcome is the same.

(1:08 CV 00337)

tortfeasor; and 5) resulting damages. *Brookeside Ambulance, Inc. v. Walker Ambulance Serv.,* 112 Ohio App.3d 150, 155, 678 N.E.2d 248, 252  (Ohio App. 6th Dist. 1996).[26]

Even if Zamborsky's allegation that defendants "circumvented the law by utilizing non-licensed funeral directors" is taken as true and in a light favorable to him, he still fails to allege requisite elements of tortious interference.  Specifically, he fails to allege in his complaint any facts regarding relationships with third parties with which defendants allegedly interfered.[27]  In addition, plaintiff also fails to allege any facts in support of the remaining elements of tortious interference.  Instead, plaintiff's complaint only contains the inconsistent and confusing legal conclusions disallowed in *Tucker* and *Twombly, supra.*  Therefore, Zamborsky's second claim against all defendants fails as a matter of law.

D.      <u>Count 3 - Violation of Ohio Consumer Sales Practices Act Against All Defendants</u>

In his responsive brief to the defendants' motions, plaintiff concedes that he and members of the alleged class are not consumers under Ohio law and that the defendants are correct that his claim for violation of the Ohio Consumers Sales Practices Act ("CSPA") must fail as a matter of law.[28]  Plaintiff's conclusion is correct.

---

[26]     *See also, Cannon Group, Inc. v. Better Bags, Inc.*, 250 F. Supp. 2d 893, (S.D. Ohio 2003).

[27]     Homesteaders alleged termination of plaintiff's contract cannot constitute tortious interference with that contract.  *DeBoer Structures* at 950.

[28]     Document 38, pp. 9&10 of 15.  In his brief in opposition to Forethought's motion to dismiss (Document 17, p. 11 of 13), Zamborsky initially maintained the validity of his Ohio CSPA action against Forethought.  However, he abandoned this argument in his joint opposition to Liming's and Homesteaders' motions (Document 38, pp. 9&10 of 15) and again by reference in his opposition to Trust 100's motion (Document 42, p. 2 of 7).

(1:08 CV 00337)

The CSPA is codified in chapter 1345 of the Ohio Revised Code. It protects consumers from unfair or deceptive consumer sales practices. Individuals who are not consumers as defined by the statute[29] have no standing to bring an action under the statute.[30] Since Zamborsky has no standing to bring a cause of action under the CSPA, his third claim for relief likewise fails as a matter of law.

E.      Count 4 - Unfair Competition Against All Defendants

Unfair competition occurs when a person deceives the public by misrepresenting that his goods or services are those of another. *Landskroner v. Landskroner,* 154 Ohio App.3d 471, 490-91, 797 N.E.2d 1002, 1017 (8th Dist. 2003). Zamborsky claims that defendants misrepresented to the public that the good and services they were providing were those of a licensed funeral director[31] and in doing so "undercut his ability to make a living as a licensed funeral director."[32] It is defendants' position that Zamborsky has failed to allege a claim for unfair competition against them.[33]

---

[29]     R.C. § 1345.01(D) defines "consumer" as a person who engages in a consumer transaction with a supplier.

[30]     *Rose-Gulley v. Spitzer Akron, Inc.*, WL 1736982, at *3 (Ohio App. 9 Dist.) (where plaintiff failed to present evidence showing she was engaged in a consumer transaction with defendant, she failed to present any evidence that she was a consumer within the meaning of the CSPA and likewise lacked standing to pursue a private cause of action under that statute).

[31]     Document 1-2, par. 30.

[32]     *Id.*, par. 31.

[33]     Document 4, p. 13 of 16, Document 25, p. 7 of 15, Document 26-2, pp. 18-19 of 26, and Document 37, p. 5 of 9.

(1:08 CV 00337)

In the *Landskroner* case, an attorney-father made a claim against his attorney-son for unfair competition after the father transferred his entire interest in his law firm to his son, and his son then terminated their business relationship. In that case, the father did not allege that he maintained a separate law business from that of his son's law firm so as to cause harm to it by unfair competition. The Court in the *Landskroner* case found that even if the complaint contained such an allegation, the father never alleged that his son's firm misrepresented its services to be those of the father's.[34]

Likewise, Zamborsky has made no claim that defendants represented that their services were provided by Gregg Zamborsky or any other specific member of the putative class. Zamborsky's entire allegation of unfair competition is that "defendants misrepresented to the public that their goods and services were being provided by a licensed funeral director." This allegation goes to the qualifications of the person providing the services, but does not allege that defendants misrepresented who was providing their goods or services. In addition, plaintiff pleads only the conclusory allegation that defendants misrepresented the qualifications of the individuals allegedly selling Preneed Contracts. Even if the allegations are taken as true and considered in a light favorable to him, Zamborsky has not pled the cause of action. He has simply alleged the mere "labels and conclusions" found insufficient to survive Rule 12 motions by the *Tucker* court, *supra*. Accordingly, Zamborsky's fourth claim for relief fails as a matter of law.

---

[34] *Landskroner* at 492.

(1:08 CV 00337)

F. <u>Count 5 - Civil Conspiracy and Ohio Corrupt Practices Act- R.C. § 2923.31 *et seq.* Against All Defendants</u>

The core of Zamborsky's civil conspiracy and corrupt practices claims is that all defendants "conducted a set of activities" in violation of R.C. § 1111.19[35] and R.C. § 4747.13[36] (Document 1-2, par. 33), and "conspired to engage in a scheme to reduce their fixed cost of funeral planning by eliminating the use of licensed funeral directors" constituting "a pattern of illicit racketeering activity."[37] Defendants contend that Zamborsky fails to state any cause of action under either of these laws.[38]

In order to plead a claim under Ohio's Corrupt Practices Act,[39] plaintiff must allege that: 1) defendant is involved in two or more specifically prohibited state or federal criminal offenses; 2) the prohibited criminal conduct of defendant constitutes a pattern; and 3) the defendant has participated in the affairs of an enterprise or acquired and maintained an interest or control of an enterprise. *Universal Coach, Inc. v. New York City Transit Authority, Inc.* 90 Ohio App.3d 284, 290-291, 629 N.E.2d 28, 32 (Ohio App. 8 Dist. 1993).[40]

---

[35] Preneed Funeral Contract regulations.

[36] Prohibition against engaging in funeral directing unless licensed as a funeral director.

[37] Document 1-2, par. 33.

[38] Document 4, pp. 13-15 of 16, Document 25, pp. 7-14 of 15, Document 26-2, pp. 19-23 of 26, and Document 37 p. 5 of 9.

[39] R.C. § 2923.31 *et seq.*

[40] *Wilson v. Marino*, 164 Ohio App. 3d 662, 678, 843 N.E.2d 849, 861(2005).

(1:08 CV 00337)

The prohibited state or federal offenses in which defendant must be involved in order to be engaged in a "corrupt activity" are listed in R.C. § 2923.31(I). Plaintiff alleges defendants violated R. C. §§ 1111.19 and 4717.13. Neither one is listed in R.C. § 2923.31(I) and therefore, by definition, cannot constitute a corrupt activity under Ohio's Corrupt Practices Act.

In a claim for civil conspiracy, plaintiff must prove the following elements: 1) a malicious combination; 2) two or more persons; 3) injury to person or property; and 4) existence of an unlawful act independent from the actual conspiracy itself. *Aetna Cas. & Sur. Co. v. Leahey Const. Co.*[41] A claim for civil conspiracy must be pled with some degree of specificity. *Jordan v. Murphy,* 145 Fed. Appx. 513, 520 (C.A. 6 Ohio).

In his complaint, plaintiff alleges that defendants had a "common understanding, amounting to an agreement, to engage in fraudulent and commercially unreasonable circumventing of the use of licensed funeral directors, causing significant loss to plaintiff and the putative class."[42] Plaintiff's complaint merely rephrases the elements of a civil conspiracy, but alleges no facts, which if viewed in a light most favorable to the plaintiff, could result in a finding of civil conspiracy. Plaintiff's claims under count five, therefore, fail as a matter of law.

---

[41] 219 F.3d 519, 534 (6th Cir. 2000) (citing *Kenty v. Transamerica Premium Ins. Co.,* 72 Ohio St. 3d 415, 419, 650 N.E. 863, 866 (1995) (defining civil conspiracy) and *Universal Coach, Inc. v. New York City Transit Authority, Inc.* 90 Ohio App.3d 284, 289, 629 N.E.2d 28, 32 (1993) (establishing elements for civil conspiracy)). *See also, Macken v. KDR Holdings*. 2007 WL 2296431, at *5 (Ohio App. 9 Dist.) (citing *Pappas v. United Parcel Service,* 2001 Ohio App. Lexis 1658 at *13 (Ohio App. 9 Dist.) (citing *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, *Id.,* at 292, 33)).

[42] Document 1-2, par. 34.

(1:08 CV 00337)

## IV. CONCLUSION

For the reasons set forth herein, Homesteaders' and Trust 100's motions for judgment on the pleadings (Document 26 and Document 37) are granted.  Forethought's and Liming's motions to dismiss (Document 4 and Document 25) are also granted.


     IT IS SO ORDERED.


<u>September 16, 2008</u>                   <u>*S/ David D. Dowd, Jr*</u>
Date                              David D. Dowd, Jr.
                                        U.S. District Judge